# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF RUBEN NUNEZ, by and through its successor-in-interest LYDIA NUNEZ, ALBERT NUNEZ, and LYDIA NUNEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, WILLIAM GORE, et al.,<br><br>Defendants. | Case No.: 16cv1412-BEN-MDD<br><br>**ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR ORDER APPOINTING PLAINTIFF LYDIA NUNEZ AS SUCCESSOR-IN-INTEREST TO THE ESTATE OF RUBEN NUNEZ**<br>**[ECF NO. 3]** |

Before the Court is Plaintiffs' Ex Parte Motion to Appoint Plaintiff Lydia Nunez as Successor in Interest to the Estate of Ruben Nunez. (ECF No. 3).

I. BACKGROUND

On June 8, 2016, Plaintiffs The Estate of Ruben Nunez by and through its successor-in-interest Lydia Nunez, Albert Nunez, and Lydia Nunez initiated this action by filing a Complaint against Defendants County of San

Diego, William Gore, Bruce Leicht, Alfred Joshua, Harry Oreol, Kayla Fisher, Marcy Moon, and Does 1 – 50.  (ECF No. 1).  Plaintiffs' Complaint alleges eleven causes of action including: (1) deliberate indifference to serious medical needs; (2) wrongful death (42 U.S.C. § 1983); (3) right of association; (4) failure to properly train; (5) failure to properly supervise and discipline; (6) failure to properly investigate; (7) *Monell* municipal liability civil rights action; (8) wrongful death (CCP § 377.60); (9) negligence; (10) violation of 42 U.S.C. § 12132; and (11) violation of 29 U.S.C. § 794(a).  (ECF No. 1).

On June 10, 2016, Plaintiffs filed the Ex Parte Motion to Appoint Lydia Nunez as Successor in Interest to the Estate of Ruben Nunez.  (ECF No. 3).  No opposition has been filed.

II.    PLAINTIFFS' ARGUMENT IN SUPPORT OF MOTION

Plaintiff Lydia Nunez contends that because decedent's estate was not administered, a final order showing the distribution is not required.  Plaintiff Lydia Nunez also contends that, as set forth in the death certificate of decedent (ECF No. 4), decedent was unmarried at the time of his death and died without children. (ECF No. 3 at 3).   Plaintiff Lydia Nunez contends that she has complied with all requirements of Cal. Civ. Proc. Code § 377.32 to commence a survival action as decedent's successor in interest.

III.    RULING OF COURT

In actions pursuant to 42 U.S.C. § 1983, "the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim on that individual's behalf if the relevant state's law authorizes a survival action.  The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for

1 bringing a survival action." *Moreland v. Las Vegas Metro. Police Dep't*, 159
2 F.3d 365, 369 (9th Cir. 1998) (internal citations omitted). *See also* Fed. R.
3 Civ. P. 17(b) ("[C]apacity to sue or be sued shall be determined by the law of
4 the state in which the district court is held."). Under California law, "[a]
5 cause of action that survives the death of the person entitled to commence an
6 action or proceeding passes to the decedent's successor in interest, … and an
7 action may be commenced by the decedent's personal representative or, if
8 none, by the decedent's successor in interest." Cal. Civ. Proc. Code § 377.30.

### A. Personal Representative

"[A] personal representative is by definition a court-appointed executor or administrator of an estate, not merely an heir, … and … a personal representative must be a person empowered by law to administer the decedent's estate." *Hassanati v. Int'l Lease Fin. Corp.*, 51 F.Supp3d 887, 894 (C.D. Cal. Feb. 18, 2014). Plaintiff Lydia Nunez states that "[b]ecause Ruben Nunez did not leave any will or other testamentary instrument, there is no probate proceeding pending for the administration of his estate." (ECF No. 3 at p. 3 citing Decl. Lydia Nunez at ¶ 6). Because Plaintiff has demonstrated there is no court-appointed executor or administrator of the estate, and her declaration states that no proceeding is pending for administration of the decedent's estate, the Court finds the Plaintiff Lydia Nunez is not the decedent's personal representative.

### B. Successor In Interest

Because Plaintiff Lydia Nunez is not decedent's personal representative, she must establish that she is the successor in interest. *See* Cal. Civ. Proc. Code § 377.30 ("A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the

decedent's successor in interest, … and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest.); *see also Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1094, n.2 (9th Cir. 2006) ("Where there is no personal representative for the estate, the decedent's 'successor in interest' satisfies the requirements of California law …").

In California, the person who seeks to commence an action as the decedent's successor in interest is required to execute and file an affidavit or declaration under penalty of perjury, stating: "(1) the decedent's name. (2) The date and place of decedent's death. (3) 'No proceeding is now pending in California for the administration of the decedent's estate.' (4) If the decedent's estate was administered, a copy of the final order showing the distribution of the decedent's cause of action to the successor in interest. (5) Either of the following, as appropriate, with facts in support thereof: (A) 'The affiant or declarant is the decedent's successor in interest … and succeeds to the decedent's interest in the action or proceeding.' (B) 'The affiant or declarant in the pending action or proceeding.' … (7) 'The affiant or declarant affirms or declares under penalty of perjury under the laws of the State of California that the foregoing is true and correct.'" Cal. Civ. Proc. Code § 377.32(a).

"Successor in interest" is defined as "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Proc. Code § 377.11.

"Beneficiary of the decedent's estate" means '[i]f the decedent died leaving a will, the sole beneficiary or all of the beneficiaries who succeed to a

cause of action, or to a particular item or property that is the subject of a cause of action, under the decedent's will," or "[i]f the decedent died without leaving a will, the sole person or all of the persons who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action…." Cal. Civ. Proc. Code § 377.10(a), (b).

Plaintiff Lydia Nunez's signed declaration pursuant to Cal. Civ. Proc. Code § 377.32(a) and a copy of the death certificate are sufficient under California law to demonstrate that she is the decedent's successor in interest and succeeds to the decedent's interest in this action. (ECF No. 3-1, Attachment 1); *see* Cal. Civ. Proc. Code § 377.32(a). The Court grants Plaintiff's application for order appointing Lydia Nunez as successor in interest to the estate of Ruben Nunez. *See* Cal. Civ. Proc. Code § 377.30 ("[a] cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, … and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor interest.").

IV.   CONCLUSION

IT IS HEREBY ORDERED that the Ex Parte Motion for Order Appointing Lydia Nunez as Successor in Interest to the Estate of Ruben Nunez is GRANTED.

Dated: July 14, 2016

Hon. Mitchell D. Dembin
United States Magistrate Judge