FILED

16 DEC -8 PM 1:39

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:             ML       DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF RUBEN NUNEZ by and through its successor-in-interest LYDIA NUNEZ, ALBERT NUNEZ, and LYDIA NUNEZ,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al,<br><br>Defendant. | Case No.: 3:16-cv-01412-BEN-MDD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT** |

Presently before the Court is a Motion for Leave to File Third-Party Complaint filed by Defendant County of San Diego ("the County"). (Docket No. 29.) The Motion is unopposed.

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A defending party must seek leave it if seeks to file a third-party

1

complaint more than 14 days after serving the original answer. (*Id.*) District courts have discretion permit or deny the filing of a third-party complaint, except when the third-party complaint is filed within fourteen days of serving the original answer. Fed. R. Civ. P. 14(a)(1).

On June 8, 2016, Plaintiffs filed a lawsuit against the County for several claims arising out of the death of Ruben Nunez ("Ruben") at the County's Central Jail detention facility. (Docket No. 1.) On July 5, 2016, the County filed an answer. (Docket No. 7.) After obtaining the Court's leave, Plaintiffs filed a First Amended Complaint ("FAC") on August 30, 2016. (Docket Nos. 14-15.) The County filed an answer to the FAC on September 19, 2016. (Docket No. 19.) On October 31, 2016, the County filed this Motion, seeking the Court's leave to file a third-party complaint against Correctional Physicians Medical Group, Inc. ("CPMG"), and Jorge Naranjo and Sara Hansen, two of CPMG's employees and/or agents. (Docket No. 29.) The County argues that its internal investigation confirmed that, assuming there was any wrongdoing attributable to Ruben's death, such wrongdoing was committed by one or more of CPMG's employees and/or agents. Further, the County represents that CPMG entered into an agreement with the County whereby CPMG was contractually obligated to defend and indemnify the County for all claims arising out of CPMG's performance of the agreement.

Additionally, the County requests that, if it is granted leave to file a third-party complaint, it be allowed to delay filing of the complaint until January 30, 2017. The County's request is based on a California Code of Civil Procedure requirement that a plaintiff give a defendant ninety days' notice of his or her intent to sue for actions "based upon" the defendant's professional negligence. (Mot. at 4, citing Cal. Code Civ. Proc. § 364(a); *Preferred Risk Mut. Ins. Co. v. Reiswig*, 980 P. 2d 895, 897 (Cal. 1999). The

County does not concede that its claims against CPMG are subject to this provision, but has nonetheless sent the requisite notice of intent to sue to each of the proposed third-party defendants. (Mot. at 4.) The County believes that failure to wait until January 30, 2017 (the date of the expiration of the ninety days' notice), to file the third-party complaint may result in its attorneys being subject to professional discipline. (Mot. at 4, citing Cal. Civ. Code § 365 ("failure to comply with [Cal. Code Civ. Proc. § 364(a)] by any attorney at law shall be grounds for professional discipline and the State Bar of California shall investigate and take appropriate action in any cases brought to its attention.").)

Under California Code Civil Procedure § 364(a), "no action *based upon the health care provider's professional negligence* may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action." Cal. Code Civ. Proc. § 364(a) (emphasis added). "Professional negligence" is defined as a "negligent act or omission by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death." Cal. Code Civ. Proc. § 364(f)(2).

The County's third-party complaint asserts five claims for relief: 1) breach of contract; 2) express contractual indemnification; 3) implied contractual indemnity; 4) equitable indemnity; 5) declaratory relief for judicial determination of the respective rights and duties of the third-party plaintiffs and defendants. (Mot. Ex. A.) Except for the request for declaratory relief, it appears to the Court that each of the County's claims for relief is predicated upon a contractual duty to defend and/or indemnify. (*Id.*) In other words, the County's suit is not based upon the proposed-third party defendants' professional negligence *per se*, but is instead based upon their contractual duty to defend

3

and/or indemnify the County for any and all claims related to their agreement. (*Id.*) Therefore, the Court is not persuaded that good cause exists to permit such an extensive delay in the filing of the County's third-party complaint.

Accordingly, the Motion is **GRANTED**. Defendant is granted leave to file a third-party complaint against CPMG, Jorge Naranjo, and Sara Hansen, lodged as Exhibit A to the Motion, within **three (3) days** of the date this Order is filed.

DATED: December 7, 2016

HON. ROGER T. BENITEZ
United States District Judge