FILED

17 MAR -1 PM 2:14

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ML DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF RUBEN, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:16-cv-1412-BEN-MDD<br><br>**ORDER DENYING PLAINTIFFS'** *EX PARTE* **MOTION TO AMEND COMPLAINT** |
| COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　　Cross Claimants,<br><br>v.<br><br>CORRECTIONAL PHYSICIANS MEDIAL GROUP, INC., et al.,<br><br>　　　　　　　　　　　Cross Defendants. | |

On February 14, 2017, Plaintiffs timely[1] filed an *Ex Parte* Motion to Amend Complaint. (Docket No. 58.) For the reasons that follow, Plaintiffs' Motion is **DENIED**.

---

[1] Pursuant to the Court's February 7, 2017 Order, which granted in part the parties' request to continue the scheduling order, Plaintiffs had until February 14, 2017 to file a motion to amend their complaint. (Docket No. 56.)

1

Before trial, and after the time has elapsed for which a party may amend its pleading as a matter of course, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that: "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Leave to amend under Rule 15(a)(2) should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).

Courts consider "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment" in deciding whether justice requires granting leave to amend under Rule 15. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 370 U.S. 178, 182 (1962)). Although each factor may warrant consideration, "prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052.

Plaintiffs' Motion lacks any explanation as to why they should be granted leave. Although Plaintiffs represent that "Defendants do not oppose the filing of the amended complaint," (docket no. 58 at 3), one day after it was filed, Defendants filed Oppositions stating they opposed the Motion, and that the proposed amended complaint would cause undue prejudice or was futile. (Docket Nos. 59-60.) Additionally, as the Court noted in its February 7, 2017 Order, this case has experienced significant delays due to the parties' multiple requests for extensions of time without apparent good cause. (Docket No. 56.)

In sum, Plaintiffs have not met Rule 15(a)(2)'s requirement to obtain consent to amendment by the opposing parties, or demonstrated why justice requires the Court to grant them leave. Fed. R. Civ. P. 15(a)(2). Accordingly, Plaintiffs' Motion to Amend Complaint is **DENIED**.

IT IS SO ORDERED.

DATED: _____, 2017

HON. ROGER T. BENITEZ
United States District Judge