| | |
|---|---|
| THE ESTATE OF RUBEN NUNEZ, by and through its successor-in-interest LYDIA NUNEZ, ALBERT NUNEZ, and LYDIA NUNEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants, Third-Party Plaintiffs,<br><br>v.<br><br>CORRECTIONAL PHYSICIANS MEDICAL GROUP, INC., et al.,<br><br>Third-Party Defendants. | Case No.: 16cv1412-BEN-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING NUMBER OF DEPOSITIONS**<br><br>**[ECF NO. 96]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute Regarding Number of Depositions filed on May 8, 2017. (ECF No. 96). The joint motion presents Plaintiffs' motion for leave of court to take up to 25 depositions in this case. Defendants oppose on the grounds

1

that Plaintiffs have not exhausted their allotted 10 depositions, have made an insufficient showing of the need to take additional depositions at this time and that Plaintiffs have had ample opportunity through the Rule 26(f) process and several discovery conferences with the Court to raise the issue with Defendants and with the Court. As discussed below, the instant motion is **DENIED WITHOUT PREJUDICE.**

## BACKGROUND

On June 8, 2016, Plaintiffs initiated this action by filing a Complaint against Defendants alleging several causes of action regarding the in-custody death of Ruben Nunez. (ECF No. 1). The current operative complaint is the First Amended Complaint, filed on August 30, 2016, which alleges twelve causes of action including: (1) Violation of Due Process (42 U.S.C. §1983); (2) Deliberate Indifference to Serious Medical Needs (42 U.S.C. §1983); (3) Wrongful Death (42 U.S.C. §1983); (4) Right of Association (42 U.S.C. §1983); (5) Failure to Properly Train (42 U.S.C. §1983); (6) Failure to Properly Supervise and Discipline (42 U.S.C. §1983); (7) Failure to Properly Investigate (42 U.S.C. §1983); (8) *Monell* (42 U.S.C. §1983); (9) Wrongful Death (CCP § 377.60); (10) Negligence; (11) Violation of 42 U.S.C. §12132; and (12) Violation of 29 U.S.C. §794(a). (ECF No. 15). A motion to dismiss certain State defendants is pending but the outcome of that motion does not impact the instant motion. (*See* ECF No. 41). On December 12, 2016, Defendants filed a Third Party Complaint against Correctional Physicians Medical Group, Inc., ("CPMG") and certain individuals, alleging, among other things, that a contract between the County and CPMG may provide for indemnity. (ECF No. 43).

## LEGAL STANDARD

Absent stipulation, a party must obtain leave of court to take a deposition which would result in more than 10 depositions being taken by a party. Rule 30(a)(2)(A)(i), Fed. R. Civ. P. A court must grant such leave to the extent consistent with Rule 26(b)(1) and (2), Fed. R. Civ. P. Rule 26(b)(1), in particular, provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Under Rule 26(f), Fed. R. Civ. P., the parties are required to confer as soon as practicable, and in any event at least 21 days before a scheduling conference is to be held, and develop a discovery plan. Among other things, the discovery plan must address changes that should be made in the limitations on discovery imposed by the federal rules or local rules. Rule 26(f)(3)(E). In this Court, pursuant to Chambers rules, the joint discovery plan is required to be lodged no later than 7 days before the Early Neutral Evaluation/Case Management Conference. Dembin Chambers Rules III.A.3.

## DISCUSSION

In the Joint Discovery Plan submitted by the parties to this Court on September 22, 2016, the parties stated: "Discovery should be conducted in accordance with the limitations imposed by the discovery rules of the Federal Rules of Civil Procedure. There are no changes or limitations on discovery that are required in this case." At that time, the Complaint named seven

Defendants including one entity and six individuals. (ECF No. 1). If Plaintiffs intended to depose all of the Defendants, only three non-defendant deposition spots were available. Even at that early stage of this litigation, it should have been obvious to Plaintiffs that the 10-deposition limit of the Federal Rules may not be sufficient to their needs or desires. The issue was not raised with the Court, nor, apparently, with Defendants.

The operative First Amended Complaint, filed on August 30, 2016, added a second entity and two additional individuals. (ECF No. 15). Deposing each Defendant would reach the 10 deposition limit of Rule 30. A Third-Party Complaint was filed on December 12, 2016, adding an entity and two individuals as Third-Party Defendants. (ECF No. 43). On December 20, 2016, the parties filed a Joint Motion to Amend the Scheduling Order. (ECF No. 46). No issue was raised by Plaintiffs regarding the limit on number of depositions. The Court hosted four telephonic discovery conferences in which the status of scheduled depositions was discussed because of the addition of the third-party Defendants and a change in counsel by a third-party Defendant. The conferences were held on February 27, March 13, March 20 and April 6, 2017. (ECF Nos. 70, 76, 79, 91). The number of depositions was not raised. On April 14, 2017, as discussed in the conference on April 6, the parties filed a second Joint Motion to Amend the Scheduling Order. (ECF No. 94). The status of depositions was one of the subjects of the Joint Motion but, again, the number of depositions was not raised by Plaintiffs.

In the Joint Motion, Plaintiffs identify 19 depositions they would like to take. Nine are Defendants (including two of entities to be deposed pursuant to Rule 30(b)(6)) and two are third-party Defendants. The remainder are identified as percipient witnesses but without explanatory details. Plaintiffs

4

also seek leave to take up to six more depositions of unidentified persons. At the time the Joint Motion was filed, Plaintiffs had not taken a single deposition. The Court is aware, however, that following the filing of the instant Motion, depositions have been taken of certain witnesses and Defendants associated with Patton State Hospital.

The Court is not convinced that additional depositions should be authorized at this time over the objection of the Defendants. Considering Rule 26(b)(1), there has been no showing of the importance of the non-party witnesses in resolving issues nor the extent to which the information that each may possess is unique and non-cumulative. At this point, the Court cannot say that the burden and expense of the additional depositions outweighs any likely benefit.

Plaintiffs also have provided no justification for not raising the issue of the deposition limit earlier despite the repeated opportunities to do so recounted above. The Court agrees with Defendants that Plaintiffs should exhaust their allotted 10 depositions before seeking leave of Court to schedule further depositions. The Court suggests that Plaintiffs choose their deponents wisely.

## CONCLUSION

Plaintiffs' motion for leave to take additional depositions, as presented in the instant Joint Motion, is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED.**

Dated: May 16, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge

5
16cv1412-BEN-MDD