| | |
|---|---|
| THE ESTATE OF RUBEN NUNEZ, by and through its successor-in-interest LYDIA NUNEZ, ALBERT NUNEZ, and LYDIA NUNEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants, Third-Party Plaintiffs,<br><br>v.<br><br>CORRECTIONAL PHYSICIANS MEDICAL GROUP, INC., et al.,<br><br>Third-Party Defendants. | Case No.: 16cv1412-BEN-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING REPORT OF CRITICAL INCIDENT REVIEW BOARD**<br><br>**[ECF NO. 176]** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Before the Court is the Joint Motion of the parties to determine a discovery dispute filed on September 1, 2017. (ECF NO. 176). The dispute involves Plaintiffs' Request for Production (Set Two) No. 37 which, among other things, calls for Defendant County of San Diego to produce "critical

1 | incident reports" relating to the death of Ruben Nunez. (ECF No. 176 at 2).
2 | Defendant County identified a Critical Incident Review Board ("CIRB")
3 | report regarding the death of Ruben Nunez but has withheld the report from
4 | disclosure on the basis of attorney-client privilege. As provided below,
5 | Defendant County's objection to disclosure is **SUSTAINED.**

## LEGAL STANDARD

The Ninth Circuit consistently has described the attorney-client privilege as protecting communications: (a) where legal advice of any kind is sought; (b) from a professional legal advisor in his capacity as such; (c) relating to that purpose; (d) made in confidence; (e) by the client; (f) that are at the client's insistence permanently protected; (g) from disclosure by himself or the legal advisor; (h) unless the protection be waived. *United States v. Ruehle,* 583 F.3d 600, 607 (9th Cir. 2009); *United States v. Martin,* 278 F.3d 988, 999 (9th Cir. 2002). The party asserting the privilege has the burden of establishing all of its elements and, even if established, the privilege is strictly construed. *Id.* at 999-1000.

## DISCUSSION

In support of its assertion of attorney-client privilege to protect against disclosure of the CIRB report regarding the death of Ruben Nunez, Defendant County submitted the Declaration of Robert P. Faigin. (ECF No. 176-6). Mr. Faigin is the Chief Legal Advisor for the San Diego County Sheriff's Department. (*Id.* at ¶ 1). Mr. Faigin asserts that the purpose of the CIRB is to consult with department legal counsel when an incident occurs which may give rise to litigation. (*Id.* at ¶ 5, *also see Exh. A to Faigin Declaration, San Diego County Sheriff's Department Procedure § 4.23* (*Id.* at 176-6 at 4)). According to Mr. Faigin, the report is kept confidential and is

maintained in his office. (*Id.* at ¶ 6).

Plaintiff challenges the assertion of privilege because Procedure § 4.23 allows for the CIRB to refer matters to the Internal Affairs section of the Sheriff's Office. (*See* ECF No. 176-6 at 7-8). In that regard, Plaintiff suggests that the CIRB report is akin to an internal investigative report found not to be protected in *Anderson v. Marsh,* 312 F.R.D. 584, 591-92 (E.D. Cal. 2015). The Court disagrees. The investigative report at issue in *Anderson* was created by a non-attorney and was not created for the purpose of obtaining legal advice. Only after the report was created, was it disseminated to general counsel for review. *Id.*

Such is not the case here. Mr. Faigin attended the meeting memorialized in the report and both the procedural manual and Mr. Faigin assert that the purpose of the meeting was to obtain legal advice in advance of potential litigation. The Court is satisfied that attorney-client privilege properly is asserted to protect the CIRB report.

## CONCLUSION

Defendant County's assertion of attorney-client privilege to protect from disclosure the CIRB report regarding the death of Ruben Nunez is **SUSTAINED.**

**SO ORDERED.**

Dated: September 11, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge