UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF RUBEN NUNEZ by and through its successor-in-interest LYDIA NUNEZ, ALBERT NUNEZ, and LYDIA NUNEZ,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL PHYSICIANS MEDICAL GROUP, INC., et al.,<br><br> Defendants, Third-Party Plaintiffs,<br><br>v.<br><br>CORRECTIONAL PHYSICIANS MEDICAL GROUP, INC., et al.,<br><br>Third-Party Defendants. | Case No.: 16cv1412-BEN-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING REQUESTS FOR PRODUCTION SERVED UPON DEFENDANT CORRECTIONAL PHYSICIANS MEDICAL GROUP, INC.**<br><br>**[ECF No. 190]** |

Before the Court is the Joint Motion of Plaintiff and Defendant Correctional Physicians Medical Group, Inc. ("CPMG") filed on September 15, 2017. (ECF No. 190). The joint motion presents Plaintiffs' motion to compel production of certain documents from CPMG regarding the death of Ruben Nunez and to compel production of the personnel files of Defendant Drs.

1

Naranjo and Hansen. (*Id.* at 3 (the Court will use pagination supplied by CM/ECF rather than original pagination throughout). CPMG asserts that the withheld documents are protected by peer-review privilege and, as to the personnel files of Drs. Naranjo and Hansen, irrelevant and subject to privacy protections.

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is

not required.  Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

## DISCUSSION

At issue are 15 Requests for Production ("RFP").  (ECF No. 190 at 3-10).  With the exception of the two RFPs regarding personnel records, RFPs 7 and 8, there is a threshold issue regarding the RFPs that needs to be addressed.  CPMG originally identified certain reports as responsive and included those reports in its privilege log.  (ECF No. 190-3).  CPMG now asserts that upon further review, the documents are not relevant as they do not pertain to or mention the care, treatment and death of Ruben Nunez.  Plaintiff claims that the RFPs are not limited solely to the death of Ruben Nunez.  (ECF No. 190 at 13).  Having reviewed each RFP, the Court finds that each self-limits to documents reflecting the care, treatment and death of Ruben Nunez.  To that extent, Plaintiff's motion to compel is **DENIED.**

Consequently, at issue are only the personnel files of Drs. Naranjo and Hansen and the document referred to as the Quarterly Report, July – September 2015.

Quarterly Report July – September 2015

CPMG suggests that this Court endorse a federal self-critical analysis privilege or, in the alternative, apply California Evidence Code § 1157(a).  (ECF No. 190 at 17-20).  This Court recently addressed the availability of this privilege in a related dispute in this case between Plaintiff and Defendant Patton State Hospital.  (*See* ECF No. 189 at 7-9).  The Court declined to endorse a federal self-critical analysis or apply California Evidence Code § 1157(a).  (*Id.*).  The Court finds the same analysis applies to the instant

motion and will not endorse a federal peer review privilege.

If the Court was inclined to endorse the self-critical analysis privilege, CPMG would need to establish that the documents met the following three criteria: "first, the information must result from a critical self-analysis undertaken by the party seeking protection; second, the public must have a strong interest in preserving the free flow of the type of information sought; finally, the information must be of the type whose flow would be curtailed if discovery were allowed." *Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423, 426 (9th Cir. 1992).

Here, CPMG supports its claim of privilege with the Declaration of Dr. Steven Mannis, M.D., the President of CPMG. (ECF No. 190-5). First, the confidentiality of the Quarterly Report has not been maintained. (ECF No. 190-5 at ¶ 5). The Report was provided to the County of San Diego. It seems just as likely that the free-flow of information sought and that might be curtailed if the privilege was not endorsed, is curtailed by voluntary sharing of the Report outside the confines of CPMG. Consequently, whatever federal privilege may have applied to the Report has been waived.

Second, the Court finds that CPMG has not demonstrated that it is entitled to the protection of California Evidence Code § 1157(a). CPMG has not established that the proceedings of its regular internal staff meetings qualifies as "an organized committee . . . having the responsibility of evaluation and improvement of the quality of care rendered in the hospital." Cal. Ev. Code § 1157(a). CPMG is not a hospital and has not suggested that it is otherwise a qualified health care clinic or facility. Nor has CPMG established that the quarterly staff meetings constitute a "peer review body, as defined in Section 805 of the Business and Professions Code…" *Id.* That statute also requires that the peer review committee or body be part of a

16cv1412-BEN-MDD

1  health care facility or clinic.  Cal. Bus. & Prof. Code § 805(B).

2      Plaintiff's motion to compel production of this Quarterly Report is

3  **GRANTED.**

4      Personnel Files of Drs. Naranjo and Hansen

5      Plaintiff asserts that these files are relevant as they may reflect

6  training or discipline records, CPMG's failure to supervise and information

7  pertaining to punitive damages.  CPMG seeks to withhold these files

8  asserting that they contain no records of prior incidents or complaints and

9  that all training documents have been produced.  Moreover, CPMG asserts

10  that state privacy rights are implicated.  CPMG's boilerplate privilege

11  ssertions will be ignored.[1]

12      The Court finds that the state privacy rights asserted by CPMG

13  generally fall in the face of relevance and a protective order in federal cases

14  asserting federal causes of action.  The Court finds, however, that Plaintiff

15  has not demonstrated that the files may contain relevant information.

16  Plaintiff's speculations do not overcome the annoyance, embarrassment or

17  oppression that the doctors may experience by having their personnel files

18  exposed.  *See* Fed. R. Civ. P. 26(c)(1).  Accordingly, Plaintiff's motion to

19  compel production of the personnel files of Drs. Naranjo and Hansen is

20  **DENIED.**

21              **CONCLUSION**

22      Plaintiff's motion to compel production of documents from CPMG, as

23

24

25  [1] Among other things, CPMG asserts that these records are subject to protection under the
federal Freedom of Information Act and the federal Privacy Act. (*See* ECF No. 190 at 20).
26  This claim is frivolous and reflects poorly on counsel.  These Acts apply only to records in
the possession of certain agencies of the United States.  *See* https://www.foia.gov/ and
27  https://www.justice.gov/opcl/privacy-act-1974.

presented in the instant Joint Motion, is **GRANTED IN PART AND DENIED IN PART**.  CPMG is **ORDERED** to produce excerpts of the Quarterly Report of July – September 2015 which discuss, pertain or relate to the care, treatment and death of Ruben Nunez to Plaintiff within 14 days of this Order.

**IT IS SO ORDERED.**

Dated:   September 21, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge

16cv1412-BEN-MDD