UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF RUBEN NUNEZ by and through its successor-in-interest LYDIA NUNEZ, ALBERT NUNEZ, and LYDIA NUNEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, CORRECTIONAL PHYSICIANS MEDICAL GROUP, INC., et al.,<br><br>Defendants. | Case No.: 16cv1412-BEN-MDD<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO ENFORCE COURT'S ORDER (ECF NO. 211) AND FOR AN ORDER TO SHOW CAUSE REGARDING SANCTIONS**<br><br>**[ECF No. 229]** |

## **BACKGROUND**

Once again, the Court must attempt to clean up a mess caused entirely by Defendant County of San Diego's failure to identify properly documents in its possession subject to discovery requests by Plaintiffs. This matter has been the subject of several discovery disputes between Plaintiffs, Defendant County of San Diego and Defendant Correctional Physician's Medical Group,

1

Inc. ("CPMG"). (ECF Nos. 192, 210, 211). The documents at issue first were identified as "Psychiatric Summary Reports" by Defendant County in connection with a discovery dispute between Plaintiffs and Defendant County of San Diego filed on September 1, 2017. (ECF No. 176). The Psychiatric Summary Reports were described as follows:

> Although the County has declined to produce documents responsive to Plaintiffs' Requests for Production (Set Two), nos. 39 and 41 (the last four items on the privilege log, CSD04190 – CSD04194, each entitled "Psychiatric Summary Monitoring Report"), it has done so because it believes these documents implicate the rights of third parties, namely defendants CPMG, Dr. Naranjo, and Dr. Hansen. CPMG objects to the County's release of the Psychiatric Summary Monitoring Reports to Plaintiffs and has asserted this objection on behalf of CPMG, Dr. Naranjo, and Dr. Hansen. Because the Psychiatric Summary Monitoring Reports are at issue in the Plaintiffs' forthcoming joint discovery motion with CPMG, Plaintiffs respectfully direct the Court's attention to that joint motion with respect to these documents. *See* Declaration of Grace Jun at ¶¶ 6 – 11.

(ECF No. 176 at 3). Specifically, Ms. Jun declared:

> During our meeting, Mr. Kish [counsel for Defendant County] informed me that four separate documents, each entitled "Psychiatric Monitoring Summary Report" for a different time period, implicated the privileges and privacy rights of third-parties, including Defendants CPMG, Dr. Naranjo, and Dr. Hansen. Mr. Kish further informed me that the County had no objection to producing these documents to Plaintiffs pursuant to a protective order, but the County was concerned about the effect of third-parties' rights and privilege. The County identified the Psychiatric Monitoring Summary Reports as documents responsive to Plaintiffs' RFP nos. 39 and 41.

(ECF No. 176-3 at ¶7). The Court was informed that Plaintiffs and CPMG would bring a further motion before the Court regarding these "Psychiatric Summary Reports." Accordingly, the Court did not address these documents

in resolving the dispute between Plaintiffs and Defendant County. (*See* ECF No. 186).

The discovery dispute between Plaintiffs and Defendant Correctional Physicians Medical Group, Inc. ("CPMG") was filed on September 15, 2017. (ECF No. 190). That motion, among other things, presented a dispute regarding "Quarterly Reports" created by CPMG but provided to Defendant County. At that point, Plaintiffs and Defendant County believed that the Psychiatric Summary Reports withheld by Defendant County were "the same as the "Quarterly Report" documents, different only in name." (ECF No. 190 at 11 n.2; ECF No. 233 at 2).[1] On September 21, 2017, the Court determined that one of the Quarterly Reports was relevant and ordered the production of that Quarterly Report by CPMG to Plaintiffs. (ECF No. 192 at 3-5)

On October 25, 2017, Plaintiffs moved ex parte for an Order clarifying the Court's September 21 Order. (ECF No. 210). Plaintiffs asserted that the County continued to refuse to produce the Psychiatric Summary Reports without explanation. (*Id.*). On October 26, 2017, without waiting for a response from the County, this Court ordered the production of the Psychiatric Summary Reports, stating:

> In issuing the Order regarding the underlying discovery dispute 192, the Court was under the impression that the Psychiatric Summary Reports were part of the Quarterly Reports at issue. See 190 at 10-11. The Court ordered those documents produced. Accordingly, the Psychiatric Summary Reports must be produced to Plaintiffs within 5 business days absent agreement by the parties or a filed opposition by Defendants and further Order of the Court.

(ECF No. 211). On October 30, 2017, the County filed its Opposition in which

---

[1] The Court will refer to pagination supplied by CM/ECF rather than original pagination throughout.

it admitted that it incorrectly identified the Psychiatric Summary Reports as the same as the Quarterly Reports received from CPMG. (ECF No 218 at 2). In fact, according to the County, the Psychiatric Summary Reports were prepared by its staff and not by CPMG. (*Id.*). The Court overruled the County's objections to production of these Psychiatric Summary Reports and ordered them to be provided to Plaintiff. (ECF No. 210).

That gets us to today. Plaintiff filed the instant motion on November 20, 2017, seeking an order compelling Defendant County to produce CPMG Quarterly Reports in its possession. (ECF No. 229). Defendant County responded on November 28, 2017. (ECF No. 233). Plaintiff replied on November 30, 2017. (ECF No. 235). Defendant County filed a further response on December 6, 2017. (ECF No. 237). In its responsive pleadings, Defendant County acknowledges that it has produced the County's Psychiatric Summary Reports, declines to produce CPMG Quarterly Reports as that matter was addressed by the Court on September 21, 2017, but now has identified new documents, "Psychiatric Peer/Record Review(s)," completed by CPMG regarding CPMG's medical providers. (ECF No. 233 at 5 n.2; ECF No. 233-1 at ¶ 4). Defendant County has declined to produce those documents but has offered them for *in camera* review. As a consequence of Defendant County's intransigence, Plaintiffs seek sanctions.

## DISCUSSION

Having analyzed and ruled on this dispute repeatedly, the Court will not engage in a further rehash of its reasons for ordering certain documents to be disclosed. Plaintiffs accuse Defendant County of gamesmanship and has good reason to do so. The Court is of the impression, however, that it is not gamesmanship that got us here, it is a lack of diligence and competence.

Defendant County should have properly investigated and identified the

documents in its possession prior to the dispute on September 1, 2017. In reviewing the docket in connection with this dispute, the Court notes that the County's privilege log identifies the Psychiatric Summary Reports as created by the County Sheriff's Medical Division. (*See* ECF No. 176-2 at 4). Counsel for Defendant County, for some reason, misidentified those records as being Quarterly Reports provided to the County by CPMG. The Court is not convinced that the misidentification was intentional but it does reflect a cavalier attitude that is troubling.

Compounding the lack of diligence that resulted in the misidentification of the County's Psychiatric Summary Reports as being the same as the Quarterly Reports prepared by CPMG, we now have the late discovery of "Psychiatric Peer/Record Review(s)" purportedly created by CPMG but in the possession of Defendant County. As the Court found regarding CPMG Quarterly Reports, these records cannot be privileged inasmuch as they were provided to the County. (*See* ECF No. 192 at 3-5). The Court declines to review the records *in camera* but will order that these records, regardless of whether they are Quarterly Reports or Psychiatric Peer/Record Reviews, be disclosed to Plaintiffs to the extent that they refer to Ruben Nunez's treatment and death and/or refer to Defendants Drs. Naranjo and/or Hansen.

As the County's conduct appears more incompetent than intentional, the Court declines to issue an order to show cause why Defendant County should be sanctioned.

## **CONCLUSION**

Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. Defendant County is **ORDERED** to produce excerpts of any CPMG Quarterly Reports or any CPMG Psychiatric Peer/Record Reviews in its possession to the extent that they refer to the treatment and death of Ruben

5

Nunez and/or refer to Drs. Naranjo and/or Hansen within 14 days of this Order. The Court declines to issue an order to show cause why Defendant County should be sanctioned at this time.

**IT IS SO ORDERED.**

Dated: December 13, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge