UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF RUBEN NUNEZ by and through its successor-in-interest LYDIA NUNEZ, ALBERT NUNEZ, and LYDIA NUNEZ,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONAL PHYSICIANS MEDICAL GROUP, INC., et al.,<br><br>Defendants. | Case No.: 16cv1412-BEN-MDD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT CPMG**<br><br>**[ECF No. 358]** |

Before the Court is Plaintiff's motion for sanctions against Defendant Correctional Physicians Medical Group, Inc. ("CPMG") based upon an alleged discovery violation. On January 7, 2019, Plaintiff moved the district judge to refer this matter to this Court. (ECF No. 337). The district judge granted the motion on February 1, 2019. (ECF No. 343). Plaintiff filed this motion for sanctions on February 12, 2019. (ECF No. 358). CPMG responded in opposition on February 15, 2019. (ECF No. 363).

## LEGAL STANDARD

The Court's authority to impose sanctions stems from various provisions in the Federal Rules of Civil Procedure and from the Court's inherent authority. The Court's inherent authority was explained by the Supreme Court as follows:

> Federal courts possess certain "inherent powers," not conferred by rule or statute, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). That authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

*Goodyear Tire & Rubber Co. v. Haeger,* __ U.S. __, 137 S. Ct. 1178, 1186, 197 L. Ed. 2d 585 (2017). For the Court to act pursuant to its inherent authority, there must be bad faith or a willful abuse of the discovery process. *Id.; Oregon RSA No. 6 v. Castle Rock Cellular of Oregon Ltd. Partnership,* 76 F.3d 1003, 1007 (9th Cir. 1996); *CrossFit, Inc. v. National Strength and Conditioning Assoc.,* No. 14-cv-1191-JLS-KSC, 2017 WL 4700070 *3 (S.D. Cal. Oct. 19, 2017).

Rule 26(g)(3), Fed. R. Civ. P., provides that a party or attorney who signs a discovery response that is incomplete or incorrect as of the time it is made, may be sanctioned unless the signer acted with substantial justification. Rule 26(e), Fed. R. Civ. P., requires that a party who has responded to a discovery request must supplement the response in a timely manner upon learning that the response was incorrect or incomplete in some material respect and that the corrective information had not otherwise been made known to other parties in the course of discovery.

Rule 37(b)(2), Fed. R. Civ. P., provides for sanctions for failing to obey a

discovery order.  Rule 37(c) provides for sanctions for failing to supplement a response.  And, Rule 37(e) provides for sanctions for the loss of electronically stored information that should have been preserved and was lost because a party failed to take reasonable steps to preserve it and it cannot be restored or replaced.

## **DISCUSSION**

Plaintiff asserts that counsel for Defendants CPMG, Sara Hansen and San Diego County engaged in a conspiracy to withhold critical evidence from discovery in this case.  These are serious allegations and the Court has reviewed the history of discovery disputes in this case, reviewed all of the pleadings filed in connection with this motion in this Court and before the district judge and reviewed the allegedly withheld discovery.  The Court finds no evidence of a conspiracy to withhold discovery.  Although the parties did attempt to make some evidence non-discoverable, through the use of certain state protections, that does not make for a conspiracy.  The Court overruled their objections and the evidence was disclosed.  This is no different than attorneys unsuccessfully seeking to protect information under the attorney-client privilege or work-product protection.  It is not unlawful or suspicious to seek to use legal protections.  There is no evidence of willfulness or bad faith to implicate the Court's inherent authority.

The bulk of the discovery allegedly withheld by CPMG is an email chain, most of which does not involve Plaintiff.  The remainder appear to be meeting notes and certain documents that appear to have originated with the County of San Diego.  There is no evidence of destruction of information, merely tardy disclosure.  Because no electronically stored evidence appears to have been lost or destroyed, Rule 37(e) is not implicated.

The Court finds that CPMG timely supplemented its response under

Rule 26(e). Perfection is not required in discovery. *Cf.* Fed. R. Civ. P. 26(g) (certification of discovery responses must be informed by "a reasonable inquiry"); *Da Silva Moore v. Publicis Groupe*, 287 F.R.D. 182, 191 (S.D.N.Y. 2012) ("the Federal Rules of Civil Procedure do not require perfection"). The relevant portions of the email chain were contained within a much larger, mostly irrelevant thread of mail. And the Court accepts CPMG's statement that the other documents were unknown.

The Court finds that with the trial date being vacated to be reset shortly, there is time for certain corrective action. The Court will permit Plaintiff to depose Dr. Mannis, Dr. Rao and Dr. Badre based solely on the contents of the newly disclosed evidence. Each deposition shall be no longer than four hours and shall be taken, if Plaintiff chooses to do so, within 21 days of this Order. Each party shall bear their own costs. This is not intended to authorize discovery about discovery; the questioning is limited to issues raised in the contents of the newly discovered documents.

## CONCLUSION

Plaintiff's motion for sanctions against Defendant CPMG is **GRANTED IN PART AND DENIED IN PART.** The motion is **GRANTED** only to the extent that Plaintiff may depose Drs. Mannis, Rao and Badre, for no more than four hours each, limited to questioning regarding the contents of the newly produced documents. In all other respects, the motion for sanctions is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 4, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge