1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT

9        SOUTHERN DISTRICT OF CALIFORNIA

10

11   THE ESTATE OF RUBEN NUNEZ by          Case No.:  3:16-cv-01412-BEN-MDD
     and through its successor-in-interest
12   LYDIA NUNEZ, ALBERT NUNEZ, and        **ORDER:**
13   LYDIA NUNEZ,                           **DENYING MOTIONS TO FILE**
                                            **UNDER SEAL [Docs. 353, 356, 361,**
14                          Plaintiffs,    **367, 391, 397];**
                                            **DENYING EX PARTE MOTION TO**
15   v.                                     **INTERVENE [Doc. 403]**

16   COUNTY OF SAN DIEGO, et al,

17                          Defendants.

18

19        Pending before the Court are several groups of motions to file documents under seal

20   and the ACLU's *ex parte* motion to intervene to oppose several of those motions to seal.

21   [Docs. 353, 356, 361, 367, 391, 397, 403.]  For the following reasons, the motions are

22   DENIED.

23                    **I.     BACKGROUND**

24        The Court assumes familiarity with the facts and procedural posture of this case.

25   There are two sets of motions to file under seal related to the briefing and exhibits for two

26   substantive motions.  CPMG offers the same policy arguments in support of sealing both

27   sets of documents.  The first set of documents contains the parties' briefing on Plaintiffs'

28   Motion for an Evidentiary Hearing and Sanctions against CPMG and associated exhibits.

                                            1

[Docs. 353, 356, 361.]   The second set of documents contains the parties' briefing on Plaintiffs' Motion to Reconsider the Court's Summary Judgment Order in Favor of CPMG on Plaintiffs' § 1983 claims and prayer for punitive damages.  [Docs. 391, 397.]

Plaintiffs filed their Motion to Reconsider on April 22, 2019.  They supported their motion with substantial newly acquired evidence, including recent deposition testimony of three CPMG employees.  Two days letter, CPMG sent a letter to the parties' court reporting company, stating that it was designating the entire transcript of each of the three witnesses as "confidential."  CPMG then requested that Plaintiffs withdraw numerous exhibits they had filed in support of their motion and re-file them under seal.  As a result, Plaintiffs withdrew their April 22, 2019 filings, re-filed with redactions their Motion to Reconsider and their exhibits, and filed an accompanying motion to seal the exhibits and motion, as required by the local rules.  In their accompanying motion to seal, however, Plaintiffs re-asserted their position that compelling reasons did not exist for sealing any of the documents.  CPMG then filed under seal its opposition to Plaintiffs' Motion to Reconsider and numerous exhibits, as well as filed its own motion to seal the documents.  On May 14, 2019, the American Civil Liberties Union ("ACLU") filed an *ex parte* Motion to Intervene to oppose CPMG's motions to seal.  For the following reasons, the motions to seal and the ACLU's motion to intervene are DENIED.[1]

## II.   DISCUSSION

### A. Legal Standard

There is a strong presumption in favor of public access to court records.  *See Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597-99 (1978).  Thus, a party seeking to seal a

---

[1] Additionally, CPMG moved to strike pages 41-42 of Exhibit 1 to [Doc. 363], which it filed with its opposition to Plaintiff's Motion for an Evidentiary Hearing and Sanctions. In support, CPMG contends it inadvertently failed to redact information from the two e-mail pages.  CPMG, however, did not offer any specific explanation for why such redactions were required, and the Court has not identified any.  Thus, the motion, [Doc. 367], is DENIED.

judicial record bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," *id.*, that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). "Simply mentioning a general category of privilege, without further elaboration or any specific linkage with the documents, [also] does not satisfy the burden." *Id.* at 1184. A party's failure to meet the burden of articulating specific facts showing a "compelling reason" means that the "default posture of public access prevails." *Id.* at 1182.

Where the party states compelling reasons to seal, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Foltz,* 331 F.3d at 1135. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad,* 49 F.3d at 1434 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.,* 798 F.2d 1289, 1295 (9th Cir. 1986)).

**B. Motions to Seal**

The "compelling reasons" standard applies fully to dispositive motions like the ones at issue here. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). As compelling reasons, CPMG contends that (1) the documents are marked "CONFIDENTIAL" under their protective order, and (2) filing the documents publicly would hamper the intent behind California's peer review privilege. Among the documents CPMG contends should remain under seal are the following:

- Plaintiffs' Points and Authorities in Support of the Motion to Reconsider the Court's Order Granting Summary Judgment as to CPMG;

- CPMG's Opposition Memorandum;

- Exhibit 4: a binder of email chains and documentation produced from CPMG as a supplemental response to Plaintiffs' request for production;

- Exhibit 5: an email from Alfred Joshua, dated November 10, 2014, with the subject heading "Follow-up from Psych Meeting";

- Exhibits 6, 7, and 9: the deposition transcripts of the three CPMG employees, Steven Mannis, Sanjay Rao, and Nicholas Badre;

- Exhibit 12: Psychiatric Peer Review – Intake and Follow-up;

- Exhibit 17: CPMG Journal Club Meeting Minutes, dated January 12, 2016.

In support, CPMG argues that these documents pertain to meetings held by CPMG and the County of San Diego for Quality Assurance/Quality Improvement purposes, peer review forms completed following Mr. Nunez's death, and e-mails between County of San Diego employees and CPMG directors about the peer review investigation findings.  As to the depositions, CPMG argues only that the transcripts were marked "CONFIDENTIAL" under the parties' protective order and concern discussion about the confidential peer review documents.

The Court does not find those reasons sufficient to justify sealing.  First, the "compelling reasons" standard is invoked, even if the dispositive motion, or its attachments, were previously filed under seal or protective order.  *Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion.").  In other words, a party does not satisfy the compelling reasons standard to justify sealing documents merely by labeling them as "CONFIDENTIAL."  Second, a California state law privilege like the one asserted for various peer review-related documents does not automatically justify sealing. *See, e.g., Doe v. City of San Diego*, 2014 WL 1921742, at *2-3 (S.D. Cal. May 14, 2014) (rejecting argument that state privileges automatically justify sealing).

Of course, the presumption in favor of public access can be overridden, but only for "good cause" where the movant shows a particularized harm will result from disclosure,

and where the related private interests outweigh the public's interests in access. CPMG has not carried its burden here. In essence, CPMG argues that making these documents public would hinder the California legislature's purpose in enacting the peer review privilege: to encourage the free-flow of ideas and improve the quality of patient care. In the same breath, however, CPMG admits that the Ninth Circuit has explicitly rejected this rationale by declining to apply a state's peer review privilege to documents "bearing on the death of a prisoner." *Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005). In *Agster*, the Ninth Circuit considered whether a prison's medical provider, Correctional Health Services, could withhold from discovery as confidential a mortality review conducted about one of its deceased prisoners. As relevant to the present case, the *Agster* defendants asserted that the Ninth Circuit should adopt Arizona's peer review privilege, a privilege recognized in many states, including California. Ultimately, the Ninth Circuit declined to recognize the peer review privilege as a matter of federal common law for several reasons. First, the Ninth Circuit noted its "reluctan[ce] to recognize a privilege in an area where it appears that Congress has considered the relevant competing concerns [on two occasions] but has not provided the privilege itself." *Id*. at 839. Second, the Ninth Circuit explained that, within the prison context, "it is peculiarly important that the public have access to the assessment by peers of the care provided." *Id.*

Finally, the Ninth Circuit rejected the defendant's contention that the peer review process would suffer if made public, aptly explaining, "Given the demands for public accountability, which seem likely to guarantee that such reviews take place whether they are privileged or not, we are not convinced by the [defendant's] argument that such reviews will cease unless kept confidential by a federal peer review privilege." *Id.* The same rationale applies here. Like in *Agster*, this Court is not persuaded that peer reviews of medical care in county jails will cease to exist or be significantly less productive unless kept confidential, particularly in light of the public's demands for and interests in accountability within its county jails and state prisons. Accordingly, having considered the interests in confidentiality asserted by CPMG, the Court cannot find "a compelling reason"

with an "articula[ble] factual basis . . . without relying on hypothesis or conjecture" that justifies sealing sufficient to overcome the public's strong interest in access to judicial records. *Hagestad,* 49 F.3d at 1434. The motions to seal are **DENIED**. The parties are ordered to re-file publicly all such documents within **7 days** of this Order.

### C. Motion for Permissive Intervention

The ACLU moves *ex parte* to intervene under Rule 24(b)(2) for the specific purpose of opposing the motions to seal documents. The ACLU describes itself as a nationwide nonprofit organization dedicated to the defense of the guarantees of individual rights and liberties embodied in the state and federal Constitutions. In support of its motion, the ACLU argues it has a particular interest in the sealed documents because it has long advocated for better treatment of inmates.

"Nonparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)(2)." *San Jose Mercury News, Inc. v. U.S. Dist. Court—Northern Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999). Generally, permissive intervention under Rule 24(b) requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). Although permissive intervention ordinarily requires independent jurisdictional grounds, where the intervenor asks "the court only to exercise that power which it already has" to protect the public's access to judicial records, "no independent jurisdictional basis is needed." *Id.* Here, Plaintiffs have adequately opposed the motions to seal, as evidenced by the Court's denial of the sealing motions. Moreover, the Court is not persuaded that an emergency exists justifying the ACLU's request for *ex parte* relief, rather than seeking the same relief with proper notice. Exercising its discretion, the Court DENIES the ACLU's motion for permissive intervention. *Id.* at 472.

### III.   CONCLUSION

The motions to file under seal and to intervene are **DENIED**.  Within **7 days** of the date of this Order, the parties are ordered to re-file publicly all sealed lodged documents at issue in these motions.

**IT IS SO ORDERED.**

DATED: June 24, 2019

_____
HON. ROGER T. BENITEZ
United States District Judge